MATEO ET AL., PLAINTIFFS AND APPELLANTS, *v.* MATEO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Ejectment.

No. 2162.—Decided May 24, 1920.

EJECTMENT—PRESCRIPTION.—The present possessor having acquired the property claimed by the plaintiffs in good faith and with a colorable title, having possessed it as owner, quietly and uninterruptedly as between persons present for more than ten years, and having invoked in his favor the provisions of section 1858 of the Civil Code, the district court did not err in dismissing the plaintiffs' action.

The facts are stated in the opinion.
*Mr. F. González* for the appellants.
*Mr. M. A. Martínez Dávila* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.
It is alleged in the complaint in this case that Manuela Díaz, the wife of Bernardo Mateo, died in Aibonito in 1872,

leaving as heirs her children Ezequiela, Gertrudis, José Ramón and Francisco and an estate consisting of a property of twenty-five acres of land acquired during her marriage; that Francisco died, leaving as heirs his children Julio and María Mateo, the plaintiffs herein; that on April 6, 1895, the surviving spouse, Bernardo Mateo, and his children Ezequiela, Gertrudis and José Ramón, disregarding the rights of the plaintiffs, who were also co-owners, sold the said property to defendant Florencio Torres; that Torres prosecuted a dominion title proceeding to establish his ownership of the property and recorded his title in the registry of property, afterwards selling the property to its present possessor, Ramón Díaz, and that both Díaz and Torres knew that the plaintiffs, then minors, were co-owners in the property. The complaint concludes with a prayer that the court order the property in question to be restored to the estate of Manuela Díaz.

Defendants Torres and Díaz answered the complaint, admitting certain allegations and denying others. They maintained, in brief, that without knowing of any rights of the plaintiffs therein Torres purchased the property from Bernardo Mateo and his children Ezequiela, Gertrudis and José Ramón, prosecuted a dominion title proceeding, recorded his title and sold the property to Díaz, both having possessed the property quietly, peacefully and uninterruptedly under color of title. The defendants expressly pleaded prescription under section 1858 of the Civil Code.

The case went to trial and the evidence showed that the sale by Mateo and his three children to defendant Torres was witnessed by a public deed of April 6, 1895; that the dominion title proceeding prosecuted by Torres was recorded in the registry of property on November 9, 1898, and that the sale by Torres to the other defendant, Díaz, was made by a public instrument executed on August 13, 1906. The defendants entered into possession of the property as owners on the dates of their respective purchases and there is no evi-

dence to show that they knew of the plaintiffs' rights in the ownership of the property in question.

Such being the results of the allegations and of the evidence, the district court did not err in dismissing the complaint.

It is true that the plaintiffs showed that they were entitled to an undivided interest of one-fourth of the property, but they delayed bringing action for so long that their right was defeated by that of defendant Díaz.

The complaint in this case was filed on February 9, 1918. Torres purchased the property in 1895 and recorded his dominion title in 1898. In 1906, or more than ten years before the action was brought, Díaz purchased the property from Torres whose title as owner had been recorded in the registry for several years.

"Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title." Section 1858 of the Civil Code.

That statute is entirely applicable to this case. The title of Díaz is manifestly good, true and valid, according to sections 1853 and 1854 of the Civil Code, and was established at the trial, as required by section 1855 of the Code. Díaz was in personal possession of the property as owner for more than ten years before the plaintiffs filed their suit and for over twenty years theretofore, if we add the time that his predecessor was in like possession. His good faith is indisputable, according to the facts and the law—section 1851 of the Civil Code.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison **concurred.**